UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOSE ANTONIO RIVERA**,

*Plaintiff*,

v.

**CLARITY SERVICES, INC.**,

*Defendant*.

Case Number: 8:25-cv-00025

### COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, **JOSE ANTONIO RIVERA** ("Mr. Rivera"), by and through his undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, **CLARITY SERVICES, INC.** ("Clarity"), and in furtherance thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Rivera against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. Clarity is subject to this Court's jurisdiction pursuant to section 48.193(1)(a)(1), Florida Statutes and Federal Rule of Civil Procedure 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2), because Clarity committed the acts of which Mr. Rivera complains in Hillsborough County, Florida, which is in the Middle District of Florida.

## PARTIES

### Mr. Jose Rivera

5. Mr. Rivera is a natural person over the age of eighteen residing in the City of Tampa, Hillsborough County, Florida, and is *sui juris*.

6. Mr. Rivera is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9. Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing

consumer reports, specifically including mail, internet, and/or telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Mr. Rivera

10. On or about July of 2024, Mr. Rivera requested his consumer credit disclosure from Clarity.

11. Clarity began maintaining a credit file on Mr. Rivera in, or prior to, the year 2019.

12. Clarity programmed its systems to include as much information about consumers as possible, with little regard to the quality or accuracy of the data.

13. For example, on September 17, 2019 Clarity incorporated "F" into its file on Mr. Rivera under the "Occupation" header.

| Occupation | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| CENTURY CONTRACTORS | 12/8/2020 2:37:04 pm EST 5d85zegqwk | 12/8/2020 2:37:04 pm EST 5d85zegqwk | 1 |
| F | 9/17/2019 3:18:21 pm EDT es9dhdfp65 | 9/17/2019 3:18:26 pm EDT c8d4ecemr8 | 4 |

14. The "F" is a default, placeholder value Clarity's systems automatically insert when a data furnisher fails to report that particular piece of information.

15. In other words, when data furnishers supply reports with missing information to Clarity, rather than ask for clarification or implement a policy that

simply excludes the incomplete data, Clarity makes up data and inserts it into the credit file.

16.     Clarity also incorporated "0 Months" under the header "Months at Employer" into its file on Mr. Rivera on or about September 17, 2019 at 3:17:43 pm.

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 9/17/2019  3:17:43 pm EDT  5q2fhh6sgb | 9/17/2019  3:18:26 pm EDT  c8d4ecemr8 | 5 |
| 12 Months | 9/17/2019  3:17:28 pm EDT  nfn7djbn12 | 9/17/2019  3:17:50 pm EDT  b7dhya1wva | 2 |
| 23 Months | 12/8/2020  2:37:04 pm EST  5d85zegqwk | 12/8/2020  2:39:28 pm EST  khkcvb4zga | 4 |
| 35 Months | 12/8/2020  2:38:15 pm EST  sjsb0rtqtg | 12/8/2020  2:38:15 pm EST  sjsb0rtqtg | 1 |

17.     Yet, a mere seven seconds later on or about September 17, 2019 at 3:17:50 pm, Clarity incorporated "12 Months" under the same header into its file on Mr. Rivera.

18.     As with listing "F" as an occupation, the "0 Months" is mere placeholder data Clarity's systems automatically insert when the data furnisher does not supply a value.

19.     Beyond this, common-sense dictates a person cannot be both unemployed and employed for twelve months at the same time.

20.     On or about November 29, 2024, Mr. Rivera again requested his consumer disclosure from Clarity, which exhibited the same problems as the disclosure from July 6, 2024.

21.     For example, on or about October 3, 2024 at 7:49:10 pm, Clarity incorporated "0 Months" under the header "Months at Employer" into to its file on

Mr. Rivera, even though it had incorporated "129 Months" less than twelve minutes prior at 7:37:55 pm.

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 10/3/2024 7:41:30 pm EDT t43106k4sw | 10/3/2024 7:41:31 pm EDT ka7rysr76n | 2 |
| 9 Months | 10/6/2024 12:34:47 pm EDT b75x204zb9 | 10/6/2024 12:34:47 pm EDT b75x204zb9 | 1 |

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 12 Months | 10/19/2024 7:49:07 pm EDT 4qh62y9drp | 10/19/2024 7:49:10 pm EDT pqh4ejb6ew | 2 |
| 23 Months | 12/8/2020 2:37:04 pm EST 5d85zegqwk | 12/8/2020 2:39:28 pm EST khkcvb4zga | 4 |
| 35 Months | 12/8/2020 2:38:15 pm EST sjsb0rtqtg | 12/8/2020 2:38:15 pm EST sjsb0rtqtg | 1 |
| 69 Months | 10/3/2024 7:37:39 pm EDT x5gn6dazcb | 10/6/2024 12:08:53 pm EDT xejnh0cxh3 | 7 |
| 129 Months | 10/3/2024 7:37:55 pm EDT g7dasdw363 | 10/3/2024 7:37:55 pm EDT g7dasdw363 | 1 |

22. The November 29, 2024 disclosure Clarity provided to Mr. Rivera established that Clarity had not only incorporated "0 Months" under the header "Months at Address" into its credit file on or about October 3, 2024, but it had also incorporated "70 Months" under the same header on the same date.

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 10/3/2024 7:41:30 pm EDT t43106k4sw | 10/20/2024 8:10:57 am EDT 4zncccadbs | 4 |
| 12 Months | 10/19/2024 7:49:07 pm EDT 4qh62y9drp | 10/19/2024 7:49:10 pm EDT pqh4ejb6ew | 2 |
| 24 Months | 12/8/2020 2:37:04 pm EST 5d85zegqwk | 10/6/2024 12:22:44 pm EDT w7a98ynvaz | 6 |
| 70 Months | 10/3/2024 7:37:39 pm EDT x5gn6dazcb | 10/6/2024 12:08:53 pm EDT xejnh0cxh3 | 8 |

23. It also showed that on or about October 20, 2024, Clarity even incorporated a "Date of Next Paycheck" of "01/01/2001" into its file on Mr. Rivera, a date more than twenty-three years in the past.

| Date of Next Paycheck | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 01/01/2001 | 10/20/2024  8:10:57 am EDT  4zncccadbs | 10/20/2024  8:10:57 am EDT  4zncccadbs | 1 |

24. Once again, the "01/01/2001" date is a default or placeholder value Clarity's systems insert when its data furnishers supply information that is either missing or that Clarity's systems cannot parse.

25. At no point did Clarity disclose to the end-users of its reports that datapoints like "F", "0 Months", and "01/01/2001" are mere placeholders.

26. On or about October 20, 2024, Clarity incorporated that Mr. Rivera's "Pay Frequency" was "ANNUALLY" into its credit file on Mr. Rivera.

| Pay Frequency | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ANNUALLY | 10/20/2024  8:10:57 am EDT  4zncccadbs | 10/20/2024  8:10:57 am EDT  4zncccadbs | 1 |
| MONTHLY | 10/6/2024 12:08:52 pm EDT  3s3q3km52x | 10/6/2024 12:34:47 pm EDT  b75x204zb9 | 3 |
| WEEKLY | 12/8/2020  2:37:04 pm EST  5d85zegqwk | 10/19/2024  7:49:10 pm EDT  pqh4ejb6ew | 16 |

27. Yet on the previous day, i.e. October 19, 2024, Clarity had incorporated that Mr. Rivera's "Pay Frequency" was "WEEKLY" into its same file.

28. Neither statement is true, as Mr. Rivera actually receives a bi-weekly paycheck.

29. Clarity's records establish that it sold at least one-hundred reports regarding Mr. Rivera in the last two years, each of which included the inaccurate Months at Employer, Months at Address, Date of Next Paycheck, and Pay Frequency.

30. As a result of Clarity's errant reports, Mr. Rivera did not receive as many "pre-approved" offers for credit as he otherwise would, and the ones he did receive were of lower quality.

31. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

32. While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost any conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

33. Indeed, Clarity frequently reports lengths of employment and residential history that exceed one million years, in addition to other clearly false information.

34. The FCRA is clear in its requirement that as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

35. The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Mr. Rivera.

36. Clarity's inclusion of placeholder data, and data which is literally impossible, violated this requirement.

### Clarity Fails To Properly Disclose Inquiries

37. In July and November of 2024, respectively, Mr. Rivera requested his credit disclosure from Clarity.

38. Upon receipt of Mr. Riveria's requests, Clarity was required to disclose all information "clearly and accurately" in Mr. Riveria's file at the time of his request, including the identity of each person who obtained a consumer report from Clarity within the prior year for any purpose. If a reseller procured the report, "person" would include an end user. *See* 15 U.S.C. § 1681g(a)(3)(A)(ii).

39. The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

40. Frequently, Clarity fails to fulfill its legal obligations regarding disclosure of this data, as it provides incomprehensible combinations of letters as the purported end user of its consumer reports.

41. For example, Clarity disclosed a hard inquiry from October 19, 2023 as:

| 10/19/2024 7:49:10 pm EDT pqh4ejb6ew | Credit Application | Online Line of Credit | CCB/TLS/MK Analytics/Propel |

42. In essence, Clarity disclosed four different persons all supposedly making a single credit inquiry, without indicating which entity or entities actually requested the report.

43. Clarity disclosed these entities using abbreviations or shortened names that no reasonable consumer would understand.

44. Other inquiries were similarly vague:

| | | |
|---|---|---|
| 10/20/2024 8:10:57 am EDT 4zncccadbs | Written Consent | RISE/FinWise/EDS/PreQual |

45. Clarity provided no address, phone number, or other information regarding these inquiries.

46. Mr. Rivera has suffered severe emotional distress and spent time and money trying to correct his credit file and force Clarity to comply with its statutory obligations.

47. The fact that Experian, Clarity's parent company, mixed Mr. Rivera's credit file with that of an unrelated individual in Texas and sold reports that contained that person's credit history compounded Mr. Rivera's distress.

48. Mr. Rivera has hired the undersigned law firm to represent him in this matter and has assigned it his right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)

49. Mr. Rivera adopts and incorporates Paragraphs 1 - 48 as if fully restated herein.

50. Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of consumer reports sold regarding Mr. Rivera, as it sold multiple consumer reports containing placeholder employment, income, and residential information.

51. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with impossible or made up information.

52. Clarity's conduct was thus willful or performed with a reckless disregard for Mr. Rivera's rights under the FCRA.

53. As a result of its conduct, Clarity is liable to Mr. Rivera for the greater of Mr. Rivera's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Rivera respectfully requests this Honorable Court enter judgment against Clarity for:

 a. The greater of Mr. Rivera's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

 b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

  d.  Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)
## (Pled in the Alternative to Count I)

54. Mr. Rivera adopts and incorporates Paragraphs 1 - 48 as if fully restated herein and pled strictly in the alternative to Count I.

55. Clarity owed Mr. Rivera a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Mr. Rivera.

56. Clarity breach this duty when it sold multiple consumer reports containing placeholder employment, income, and residential information.

57. Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b). As a result, Mr. Rivera is entitled to his actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Rivera respectfully requests this Honorable Court enter judgment against Clarity for:

  a.  Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

  b.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

  c.  Such other relief that this Court deems just and proper.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii))

58. Mr. Rivera adopts and incorporates Paragraphs 1 - 48 as if fully restated herein.

59. Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Mr. Rivera's consumer report during the one-year period preceding the date on which the request was made.

60. Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose the end-users of its consumer reports.

61. Clarity's conduct was thus willful and intentional, or, alternatively, was performed with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

62. As a result of its conduct, Clarity is liable to Mr. Rivera for the greater of Mr. Rivera's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Rivera respectfully requests this Honorable Court enter judgment in his favor, and against Clarity, for:

a. The greater of Mr. Rivera's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

        and,

    d.    Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii))
## (Pled in the Alternative to Count III)

63.    Mr. Rivera adopts and incorporates Paragraphs 1 - 48 as if fully restated herein and strictly pled in the alternative to Count III.

64.    Clarity owed Mr. Rivera a legal duty to disclose the identity of each user that obtained his consumer report within one year of Mr. Rivera's request.

65.    Clarity breached this duty when it failed to identify each person, including the end-user, when applicable, that procured Mr. Rivera's consumer report during the one-year period preceding the date on which the request was made.

66.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Mr. Rivera is thus entitled to his actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Rivera respectfully requests this Honorable Court enter judgment in his favor against Clarity for:

    a.    Mr. Rivera's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2);

        and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Rivera hereby demands a trial by jury on all issues so triable.

Respectfully submitted on January 6, 2025, by:

**SERAPH LEGAL, P. A.**

/s/ *Megan A. Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar Number: 1005213
MRosenberg@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A.
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 404)
Fax: 855-500-0705
*Counsel for Plaintiff*